(21 App. Div. 472.)

MACKNIGHT FLINTIC CO. v. MAYOR, ETC., OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department.   October 22, 1897.)

ACTION ON CONTRACT—PERFORMANCE.

> Where, in an action on a contract, by which plaintiff agreed to construct a cellar, and to make it water-tight, as set forth in specifications, he alleges strict performance, which is denied, he must, in order to recover, show that he both followed the specifications and also accomplished the designated result.
>
> Williams, J., dissenting.

Action by the Macknight Flintic Company against the mayor, aldermen, and commonalty of the city of New York. Verdict for defendant. Motion for new trial on exceptions ordered to be heard in the first instance at the appellate division. New trial ordered.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and PATTERSON, JJ.

C. Mellen, for the motion.

L. L. Kellogg, opposed.

PATTERSON, J. This cause comes up for review on exceptions ordered by the trial justice to be heard in the first instance by this court, and the question is whether, under the proofs, the plaintiff was entitled to the verdict rendered in its favor. The action was brought to recover the contract price of certain work and labor performed and materials furnished by the plaintiff to the defendant under a formal written contract. The plaintiff alleges in its complaint that it strictly performed the contract. That allegation was denied, and a plain issue was thus raised concerning it. That was the real issue before the jury, and to which under the pleadings the evidence was to be

addressed. It appeared that the purpose of the contract was to obtain a water-tight cellar for a court house being built for the defendant. The end to be attained was distinctly and specifically contracted for, but it appeared in proof that the work to be done was to be performed according to certain specifications binding upon the plaintiff, and from which it was not at liberty to depart. There was conflicting evidence as to those specifications being adequate to accomplish the required result which the plaintiff contracted to produce. There was also evidence tending to show that the specifications were complied with, but that, notwithstanding such compliance, the object of the contract was not attained. Substantial conformity of the work with the specifications may have been shown; but the right to recover under the contract does not depend altogether on compliance with the specifications, but, as this action is framed, upon doing that which the plaintiff contracted to do as a result or consequence of conforming to the specifications. When this cause was before us on a former appeal, we held that the plaintiff was bound to furnish a water-tight, and not a water-drained. cellar. 43 N. Y. Supp. 139. We sent the case back for a second trial on matters that did not relate to the construction of the contract. There was a question of fact left open, not only whether the plaintiff had done the work according to the specifications, but also whether it had produced the result or condition required by following the specifications, and not by substituting an apparatus the use of which might make a water-drained, but not a water-tight, cellar. Although the apparatus was put in with the approval of an employé of the department of public works, that employé had no authority to consent to any modification of the specifications forming part of the contract. It was not held that the plaintiff might recover the whole contract price by satisfying the jury that it had faithfully followed and complied with the requirements of the specifications, but that such compliance must be shown as one step in the establishment of the plaintiff's allegation that the contract had been duly and fully performed. So far as construction was given to the contract, it was decided that the plaintiff was bound to furnish a water-tight cellar. It contracted so to do, and to do it in a particular way. That way was deemed by both parties to be the proper and sufficient one. The specifications were as much those of the plaintiff as of the defendant. The plaintiff was free to make the agreement, or to refrain from doing so. It was satisfied that it could accomplish the purpose by doing the work in the way pointed out by the specifications. As said before, it contracted not only to do the work according to the specifications, but to make the cellar water-tight by doing the work strictly in that way; and therein the case differs from Weld v. Goldenberg, 13 C. C. A. 12, 65 Fed. 466. The plaintiff understood what its obligation was, and attempted to substitute drainage of the cellar for making it water-tight. That was not performance, as we held on the previous appeal. Suing, as it does, on the contract, and tendering the issue of performance, the plaintiff's right to recover depends upon performance. The proofs showed clearly that the contract was not performed, even if all the work required by the specifications were done. The plaintiff must recover secundum allegata et

probata. It cannot set up one cause of action and recover on another, and the evidence was insufficient to support the verdict.

The exceptions must be sustained, and the verdict set aside, and a new trial ordered, with costs to defendant to abide event.

VAN BRUNT, P. J., and BARRETT and RUMSEY, JJ., concur. WILLIAMS, J., dissents.