(36 App. Div. 53.)

McENTYRE v. TUCKER.

(Supreme Court, Appellate Division, First Department. December 30, 1898.)

1. ACTION ON CONTRACT—PERFORMANCE.

A provision in a building contract that the work should be completed by a certain date, and that stipulated damages should be paid for each day's delay thereafter, is a material one; and, to recover the balance due on such contract, the contractor must show performance of the provision, or a waiver or modification thereof.

2. SAME—EVIDENCE OF MODIFICATION.

Where, in an action on contract, plaintiff alleges performance on his part of a material provision thereof, evidence is inadmissible to show a modification or waiver of the provision; any excuse for nonperformance must be alleged.

3. SAME.

In an action to recover the balance claimed to be due on a building contract which provided that the amount should be paid whenever a certain architect should certify in writing that all work was completed, if plaintiff alleges that "the architect" has made such certificate, he cannot introduce in evidence a certificate signed by another person for the architect named in the contract, unless there has been a modification of the contract.

4. SAME.

Where a building contract provides for payment of the contract price whenever a certain architect certifies in writing that the work has been satisfactorily completed, and an action is brought to recover thereon, plaintiff cannot show a waiver or modification of such provision without alleging it in his complaint.

Appeal from trial term, New York county.

Action by Patrick B. McEntyre against Clarence Tucker. From a judgment entered on a verdict, and from an order denying a new trial, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTER-SON, O'BRIEN, and INGRAHAM, JJ.

Arthur J. Baldwin, for appellant.
Alfred B. Cruikshank, for respondent.

McLAUGHLIN, J.   On the 24th of April, 1882, the parties to this action entered into a written contract by the terms of which the plaintiff agreed to erect for the defendant two buildings for the sum of $9,000; and this action was brought to recover a balance alleged to be due under the contract, and for extra work not included therein.   The complaint alleged the execution of the contract, and that the plaintiff had performed all the terms and conditions of it on his part to be performed, and that in each of the cases contemplated the architect had certified, as provided in the contract, that all the work, upon the performance of which payment depended, had been done to his satisfaction. The answer admitted the execution of the contract, but denied that the plaintiff had performed upon his part, and also denied that the archi-tect had certified that any of the payments for which a' recovery was sought had become or were due.    The answer also admitted that certain extra work had been done, but denied that any sum was due to the plaintiff, either under the contract, or for such extra work.    The plaintiff had a verdict, and from the judgment entered thereon, and the order denying a motion for a new trial, the defendant has appealed.

Upon the trial the contract referred to was introduced in evidence, and one of its provisions was that the plaintiff should "wholly finish the said work according to said drawings and specifications and this contract on or before the first day of July, 1882," or, in default thereof, that he would pay to the defendant $10 for every day thereafter that the work should remain unfinished, as liquidated damages, unless the architect should certify that an allowance of additional time ought to be made, in which case the plaintiff should be relieved from the payment of the stipulated damages for the additional time so certified, and no more.    It also appeared upon the trial, and the fact was not disputed, that the work referred to in the contract was not completed until several weeks after the time therein fixed for its completion, and no certificate of the architect had been given  excusing the delay.   The plaintiff, however, insists that the evidence introduced was such as to justify the jury in finding, as they must have found, that the defendant had waived this provision of the contract.   We are unable to adopt this suggestion.   The plaintiff contracted to complete the buildings by the 1st of July, and in his complaint he alleged that he had fully performed the contract on his part.   This provision requiring the plaintiff to complete the work by the 1st of July was a material one, and the plaintiff was not entitled to recover, unless it had either been modified by the parties or waived by the defendant.   There was no allegation in the complaint, and nothing from which it could be inferred, that there had been such a modification or waiver, and, therefore, evidence tending to establish that fact was inadmissible.   That substantial completion of the work by the 1st of July was of the essence of the contract is apparent, since a penalty was attached for a failure

to do so. Elting v. Dayton (Sup.) 17 N. Y. Supp. 849. If the plaintiff intended to rely upon a modification of the contract, then it was incumbent upon him to set out such fact by a proper allegation in his complaint. Code Civ. Proc. § 481, requires that a complaint shall contain a statement of the facts constituting plaintiff's cause of action. The object to be accomplished by this section of the Code is to notify the defendant of the facts upon which the plaintiff relies for a recovery, and the defendant here had the right to suppose from the allegations of the complaint that the plaintiff based his right to recover in this action upon the performance of the contract, not upon a modification of it, and that that was the issue to be tried. He was not called upon to meet any other issue. That the plaintiff was not entitled to recover under his complaint upon the theory that the contract had been modified is so well settled that an extended discussion is unnecessary. The case of Elting v. Dayton (Sup.) 17 N. Y. Supp. 849, however, is directly in point. There the action was brought to recover a balance claimed to be due upon a written contract for altering and repairing certain buildings. The complaint alleged, as here, full performance on the part of the plaintiff, which the defendant denied. On the trial it appeared that the plaintiff had failed to perform, and evidence was introduced showing a waiver on the part of the defendant. The plaintiff recovered, but on appeal the judgment was reversed, the appellate court saying that:

"An allegation in the complaint that the terms of the contract have been fully complied with does not authorize proof that it has not been complied with because of certain facts in respect to which no mention is made in the complaint."

The case of La Chicotte v. Electric Co., 15 App. Div. 384, 44 N. Y. Supp. 77, is also directly in point. There this court, in reversing a judgment in favor of the plaintiff, said:

"The complaint alleged performance of the contract, and over the defendant's objection plaintiff was allowed to prove, not performance, but excuses for not performing the work in accordance with the contract. This question has been many times before the court, and the authorities all hold that it is an elementary rule of pleading that, when the plaintiff alleges performance of a contract, he must prove performance. He cannot excuse nonperformance and recover because a strict compliance with the obligations of the contract has been either waived or prevented by the defendant."

MacKnight Flintic Stone Co. v. City of New York, 21 App. Div. 472, 47 N. Y. Supp. 567, and Schnaier v. Nathan, 31 App. Div. 227, 52 N. Y. Supp. 812, are also to the same effect.

The evidence offered by the plaintiff tending to show a waiver or modification of the contract was objected to when offered, upon the ground that it was inadmissible under the complaint. The objections, however, were overruled, and the defendant excepted. No application was made to amend the complaint, and it is, therefore, clear, under every well-recognized rule relating to pleadings, as well as under the authorities cited, that the objections should have been sustained and the evidence excluded.

The contract also provided that the defendant would pay to the plaintiff the amount contracted to be paid at the time and in the manner therein specified, provided "the architect should certify in

writing that all the work upon which the payment was to become due was done to his satisfaction." The complaint alleged that one Freeman was the architect, and that "the architect had certified that all the work upon the performance of which payments as aforesaid became due had been done to his satisfaction." Upon the trial the plaintiff did not produce certificates signed by the architect showing that the work had been done to his satisfaction, but did produce certificates signed, "George A. Freeman, Jr., by W. Holman Smith," and they were received in evidence against defendant's objection. We think this was error. The contract provided that Freeman should certify as to the completion of the work upon which payments depended, and the complaint alleged that he had done so. But it is urged that this provision of the contract had also been waived or modified by the defendant. If so, that fact should have been pleaded; and, on account of the plaintiff's failure to do so, these certificates were inadmissible, for the reasons heretofore given.

The questions considered were properly raised upon the trial by appropriate objections and exceptions, and for the errors committed the judgment must be reversed. The conclusion thus reached renders it unnecessary to pass upon the other matters discussed on this appeal.

The judgment and order should be reversed, and new trial ordered, with costs to appellant to abide the event. All concur, except O'BRIEN, J., not voting.

