KEELER v. FISCHER–HAUSER.

(City Court of New York, General Term.   April 27, 1899.)

CONTRACTS—ACTIONS FOR BREACH—PLEADINGS—EVIDENCE.
   Under a complaint on a contract, alleging performance of the work agreed to be done, and an answer denying such allegation, evidence of a waiver of the time of performance is inadmissible.

Appeal from trial term.

Action by John W. Keeler against Carl Fischer-Hauser.   From a judgment entered on a verdict for plaintiff, and from an order denying a new trial, defendant appeals.   Reversed.

Argued before McCARTHY and O'DWYER, JJ.

Ambrose G. Todd, for appellant.
Henry C. Botty, for respondent.

O'DWYER, J.   The complaint set up a written contract, and alleged that the plaintiff "only performed the work contracted to be done."   Not one word was said in the complaint about waiver or ratification of nonperformance.   The answer denied the allegation of due performance, and upon this issue the parties proceeded to trial.   On the trial it was not claimed that the work was performed within the time specified in the contract, but the plaintiff claimed the time provision was waived by the guarantor, this defendant.   When the plaintiff sought to introduce evidence of this waiver, the defendant duly objected, and evidence under his exception was introduced.   This was error.   The only issue raised by the pleadings was the performance of the written contract.   McEntyre v. Tucker, 36 App. Div. 53, 55 N. Y. Supp. 153; Elting v. Dayton (Sup.) 17 N. Y. Supp. 849; La Chicotte v. Electric Co., 15 App. Div. 384, 44 N. Y. Supp. 75; Schnaier v. Nathan, 31 App. Div. 227, 52 N. Y. Supp. 812.

The judgment and order appealed from must be reversed, and a new trial granted, with costs to the appellant to abide the event.

McCARTHY, J., concurs.