BLOCH v. REMELIUS.

(City Court of New York, General Term. December 29, 1899.)

CONTRACT—PLEADING AND PROOF.
    Under complaint alleging due performance and completion of written contract, without averment of modification or excuse from performance, plaintiff cannot prove omissions, nonperformance, and waivers.

Appeal from trial term.

Action by one Bloch against one Remelius. Judgment for plaintiff. Defendant appeals. Reversed.

Argued before FITZSIMONS, C. J., and O'DWYER and HASCALL, JJ.

Charles A. Wendel, for appellant.
Clemens J. Kracht, for respondent.

HASCALL, J. This is an appeal from a judgment upon findings of the trial term awarding foreclosure of a mechanic's lien. The questions raised by the appeal are as to performance of a written contract between the parties, admission of testimony tending to show modifications of agreement, although not pleaded in the complaint, and the value of extra work. The allegations of the plaintiff are that he in all things duly performed and completed the contract on his part, and, without averment of modification or excuse from performance, his case is full of evidence of omissions, nonperformance and waivers, none of which are pleaded, but which he was allowed to show, notwithstanding objection seasonably made. Defendant's rights seem well protected in this regard, and under the very strict and imperative rulings of the appellate division and court of appeals we deem the conditions appearing in this record require reversal of the judgment. Weighed by the usual methods of determining the value of testimony, the judgment is contrary to the weight of evidence such as was properly admitted; and there are proven so many and serious departures from the terms of the agreement—which we find were material, and not slight and trivial, without allegation of sufficient justification therefor—in the complaint, by way of permission by defendant, her direction, or waiver, that we need not discuss the other question of extra work, above suggested. McEntyre v. Tucker, 36 App. Div. 53, 55 N. Y. Supp. 153, and cases cited.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.