(47 App. Div. 69.)

ROBINSON v. CHINESE CHARITABLE & BENEVOLENT ASS'N OF CITY
OF NEW YORK.

(Supreme Court, Appellate Division, First Department. January 19, 1900.)

MECHANIC'S LIEN—PLEADING—COMPLAINT TO FORECLOSE MECHANIC'S LIEN—
SUFFICIENCY.

A complaint to foreclose a mechanic's lien, which fails to allege that
plaintiff has performed his contract, or to show any facts that would excuse
such nonperformance, does not state a cause of action.

Appeal from special term, New York county.

Action by Mary E. Robinson against the Chinese Charitable &
Benevolent Association of the City of New York. From a judgment
dismissing the complaint, plaintiff appeals. Affirmed.

For former report, see 54 N. Y. Supp. 858.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY,
O'BRIEN, and INGRAHAM, JJ.

M. E. Duffy, for appellant.

Samuel Greenbaum, for respondent.

INGRAHAM, J. The complaint was dismissed below upon the
ground that it alleged no cause of action. The action was brought
to foreclose a mechanic's lien, and the complaint alleges that by a
certain agreement made between the plaintiff's assignor and certain
of the individual defendants the plaintiff's assignor agreed to per-
form certain work, labor, and services, and to furnish certain mate-
rials, in the erection of a building, for the sum of $6,870, which the
individual defendants promised to pay; that the plaintiff entered
upon the performance of his work, and did certain work, labor, and
services, and furnished certain materials, in the erection of the build-
ing on the premises described; that no part of the said sum of $6,870
had been paid, except the sum of $1,150; and that there is now
due to the plaintiff the sum of $4,720, payment of which has been
demanded and refused, and that the certificate of the architect has
been demanded, and unjustly withheld. There is no allegation in
the complaint that the plaintiff performed his contract so as to be-
come entitled to the money to be paid, nor is any fact alleged which
would excuse such nonperformance. The refusal of the architect to
give a certificate was certainly no excuse for a failure of the plain-
tiff to allege and prove the performance of the contract on the part
of her assignor. It is too well settled to be questioned that a con-
tractor, to recover under such a contract, must allege and prove per-
formance of the contract, and that, before he can recover under a
quantum meruit, he must allege and prove some legal excuse for
not completing the work he agreed to do. Lawson v. Hogan, 93 N.
Y. 39; McEntyre v. Tucker, 36 App. Div. 53, 55 N. Y. Supp. 153;
Fox v. Davidson, 36 App. Div. 159, 55 N. Y. Supp. 524. The com-
plaint, therefore, failed to state facts sufficient to entitle the plaintiff
to recover, and it was properly dismissed.

The judgment appealed from should be affirmed, with costs. All
concur.