is the same as the name of an existing domestic corporation, or that it so nearly resembles such name as to be calculated to deceive, and he refuses to file and record such proposed certificate, there may be no adequate remedy to the persons or corporations claiming to be aggrieved other than by a review of such determination by a writ of certiorari. In such case relief could be granted without complicating private interests. The remedy by certiorari is seldom, if ever, allowed where there is any other adequate remedy. Ency. Plead. & Prac. vol. 4, p. 50; Cyc. Law & Pro. vol. 6, p. 742; People ex rel. Schuylerville & Upper Hudson R. R. Co. v. Betts, 55 N. Y. 600; People ex rel. Gage v. Lohnas, 54 Hun, 604, 8 N. Y. Supp. 104; People ex rel. Trustees, etc., v. Board of Supervisors, 131 N. Y. 468, 30 N. Y. Supp. 488. Where a certificate is filed with the same name as that of an existing corporation, or where the name so nearly resembles that of the existing corporation as to be calculated to deceive, the action of the Secretary of State is not conclusive, and the courts have frequently, by a judgment in equity, granted relief to a prior corporation aggrieved. Cyc. of Law & Pro. vol. 10, p. 153; Am. & Eng. Ency. of Law, vol. 7, p. 689; Society of 1812 v. Society of 1812, 46 App. Div. 568, 62 N. Y. Supp. 355; Hygeia Water Ice Co. v. N. Y. Hygeia Ice Co., 140 N. Y. 94, 35 N. Y. Supp. 417; Higgins Co. v. Higgins Soap Co., 144 N. Y. 462, 39 N. E. 490, 27 L. R. A. 42, 43 Am. St. Rep. 769.

The writ of certiorari should be quashed, without costs. All concur.

---

· (101 App. Div. 277)

### SCHENECTADY RY. CO. v. UNITED TRACTION CO.

(Supreme Court, Appellate Division, Third Department.  January 4, 1905.)

**1. INJUNCTION—VIOLATING CONTRACT—PLEADING.**

Plaintiff in an action based only on its rights under a certain contract authorizing it to run cars over defendant's street railway tracks, expressly limited, however, till another type of cars may be agreed on by the parties, to cars not exceeding certain dimensions, is not entitled to a temporary injunction against defendant's interference with plaintiff's running larger cars on the tracks; plaintiff not being entitled, under the complaint, to relief, because of a subsequent agreement, waiver, or estoppel.

Houghton, J., dissenting.

Appeal from Special Term, Montgomery County.

Action by the Schenectady Railway Company against the United Traction Company. From an order continuing during pendency of the action an injunction granted ex parte, defendant appeals. Reversed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Patrick C. Dugan (Edgar L. Fursman, of counsel), for appellant.
James O. Carr (Lewis E. Carr, of counsel), for respondent.

CHASE, J. The plaintiff owns and operates a street surface railroad in the city of Schenectady, and the defendant owns and operates a street surface railroad in the city of Albany. In the years 1900 and 1901 the plaintiff constructed a double-track railroad between said

652    91 NEW YORK SUPPLEMENT   (Sup. Ct.

and 125 New York State Reporter

cities, and connected the tracks thereof with its tracks in the city of Schenectady and with the tracks of the defendant's road in the city of Albany. On the 26th day of June, 1901, the plaintiff and the defendant entered into a written contract under their respective corporate seals by which contract the defendant agreed to permit the plaintiff to operate passenger cars over its said tracks on certain streets in said city of Albany. The plaintiff procured passenger cars adapted for use on said railroad between said cities, and on the 8th day of September, 1901, commenced the operation of its cars upon said connecting railroad and over the tracks of the defendant on said streets in the city of Albany, and continued to use its cars, "which cars were of the dimensions and equipped with all necessary appliances as required and acquiesced in by the defendant." The agreement of June 26, 1901, was, by its terms, to continue during the life of the franchises held by the defendant, which franchises are still in force. The plaintiff's complaint alleges the facts above mentioned, and further alleges that, "notwithstanding the terms of said contract and the plaintiff's rights thereunder, the defendant has forcibly prevented the plaintiff from continuing the operation of some of its cars heretofore in use on said railroad as aforesaid over the said tracks of the defendant" on certain streets of the city of Albany, "and threatens and intends to continue to prevent such operation." The complaint further alleges "that said cars have heretofore been run upon a regular schedule, and accommodate and carry a large number of passengers daily between said two cities, and, if the plaintiff is prevented from continuing the operation of said cars over the tracks above mentioned on a regular schedule, it will suffer great inconvenience and damage in the operation of its road and the accommodation of its passengers, for which it has no adequate remedy at law." The complaint demands that the defendant be enjoined and restrained from preventing the operation of the plaintiff's cars over its tracks in said streets. An order was obtained by the plaintiff ex parte, restraining the defendant "from preventing in any manner whatsoever the operation by the plaintiff * * * of any of the cars of the plaintiff" over certain of said streets in the city of Albany "in the same manner as the same have been operated heretofore prior to May 16, 1904." The defendant was ordered to show cause why said injunction should not be continued during the pendency of the action. On the return of the order to show cause it appeared that said contract of June 26, 1904, provided:

"The Railway Company shall not use or operate any car or cars of such excessive weight, either with or without loads or at such unusual or excessive rates of speed, or in any other improper manner, so as to unnecessarily destroy or impair, or unreasonably wear the tracks, curves, turnouts, switches, bridges, track structures or other property of said party of the first part, or so as to make the maintenance of the track of the United Company unusually difficult or expensive. Until another type of car may be agreed upon between the parties hereto the Railway Company may operate cars forty-eight feet over all, with four motor equipments, air brake and track brake equipments, etc., said cars to weigh not to exceed twenty-five tons when loaded."

The cars procured by the plaintiff for use on its said road between said cities and over the tracks of the defendant in said streets in the city of Albany, and used by it when it commenced the operation of said

road on the 8th day of September, 1901, were known as the "500" type of car, and which cars were within the limitation expressly provided in said contract.   The "500" type of car has been operated by the plaintiff over said tracks of said streets since September 8, 1901, and the defendant has not interfered with the operation of said cars, and has not threatened to interfere with the operation thereof, and does not claim any right to interfere with the operation thereof.   In March, 1903, the plaintiff commenced the operation of the "600" type of car over said streets.   Said "600" type of car is 51 feet over all, and weighs, when loaded, 42 tons.   It is claimed by the defendant that the use of the "600" type of car makes the maintenance of its tracks unreasonably difficult and expensive.   That the operation of such cars injures the property adjoining said streets, for which claims for damages have been presented to it;   and that in certain places on said streets the "600" type of car cannot pass on adjoining tracks, and that by the operation of said "600" type of car the defendant's cars are impeded, and the defendant's time-table very much interrupted, and its passengers inconvenienced.

On November 17, 1903, the defendant served on the plaintiff a notice in writing, stating that the defendant did not consent to the plaintiff's operating over its tracks cars weighing more than 25 tons.   To this letter the plaintiff replied, in which reply it stated that it assumed that the defendant was objecting to the "600" type of car, and on November 30, 1903, the defendant served on the plaintiff another notice in writing, as follows:

"Gentlemen:   The executive committee of the United Traction Company, at a special meeting, held November twenty-sixth, 1903, to consider the several matters of difference between said companies, decided:   First. * * *   Second. To insist that you cease running what are known as your '600' cars over our tracks in the cities of Albany, Troy, or Watervliet."

The plaintiff continued the use of the "600" type of car, and on May 16, 1904, the defendant, by obstructing its said tracks, prevented the plaintiff from further running the "600" type of car on its said tracks, and this action was then commenced.

The question as to whether the defendant unreasonably refuses to assent to the use of the "600" type of car is not before us.   This action is based upon the plaintiff's rights under the contract of June 26, 1901. Such contract expressly limits the grant of trackage rights over its tracks on said streets to cars "forty-eight feet over all, with four motor equipments, air brake and track brake equipments, etc., said cars not to exceed twenty-five tons when loaded."   Said provision in regard to the size and weight of the cars marks the boundary of the grant until another type of car is agreed upon by the parties.   There is nothing before us to show that the determination of this action in any way affects the franchises of either party.   The plaintiff's rights under the contract are private rights.   The public has no such right or interest in a particular car as to affect the determination of the court in the consideration of the rights of the parties as between themselves, or that requires us to sustain the injunction pending the determination of the action. The defendant does not seek to enforce a forfeiture of the contract, or to prevent or interfere with the running of cars between said cities, or

on its tracks in the city of Albany, so long as such cars are within the express terms of the contract. Apart from the contract or some statute, the defendant may, as against the plaintiff, assert its ownership of the tracks in said streets, and take reasonable measures to prevent the plaintiff from appropriating its property and property rights. The contract states the rights of the parties thereto in detail, and the plaintiff, by its complaint, stands upon an alleged violation of the contract. By the express terms of the contract any agreement as to another type of car must be made by the parties to the contract. No agreement in writing under seal executed by or on behalf of the corporations is claimed by the plaintiff. The plaintiff does claim that the "600" type of car was agreed upon by some of the defendant's officers in March, 1903, and also that the defendant has waived the limitation contained in the contract, and is now estopped from asserting such limitation. The plaintiff, in its complaint, does not allege that any other type of car has been agreed upon by the parties, or that such contract has been modified or extended, or that the defendant has waived its conditions and limitations, or that the defendant is estopped from insisting that the plaintiff is not entitled under the contract to run the "600" type of car on the tracks of said streets. Assuming, for the purpose of this decision, that the defendant could waive the provisions of the contract, or be estopped from asserting the same, the plaintiff cannot, without alleging in its complaint that the "600" type of car has been agreed upon by the parties, or that the plaintiff has waived the terms and limitations of said contract, or become estopped from asserting the same, present to the court the facts upon which it claims such modification of the agreement, waiver, or estoppel. McEntyre v. Tucker, 36 App. Div. 53, 55 N. Y. Supp. 153; Hubbard v. Chapman, 34 App. Div. 252–254, 54 N. Y. Supp. 527; Bossert v. Poerschke, 51 App. Div. 381, 64 N. Y. Supp. 733; Congress Brewing Co. v. Habenicht, 83 App. Div. 141, 82 N. Y. Supp. 481. On the record, therefore, it appears that the plaintiff cannot, upon its complaint, obtain the injunctive relief demanded. It does not seem advisable to discuss in this opinion the questions that may arise upon a new or amended complaint relating to the plaintiff's alleged right to use the "600" type of car.

The order continuing the injunction should be reversed, with $10 costs and disbursements, and the motion to continue the injunction granted ex parte should be denied, with $10 costs.

PARKER, P. J., and CHESTER, J., concur. SMITH, J., concurs in result. HOUGHTON, J., dissents.