## BOZZONE v. STAFFORD.

(Supreme Court, Appellate Term, First Department. April 14, 1914.)

1. CONTRACTS (§ 10*)—MUTUALITY.

A written agreement by which defendant "agrees to hire the employé, beginning November 26, 1912, from month to month at the monthly wage of $60," and which provides that the employé may terminate it by giving certain notice, and is signed by defendant and the employé, was not lack-

---

ing in mutuality, though the employé does not expressly bind himself to the employment.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 21–40; Dec. Dig. § 10.*]

2. MASTER AND SERVANT (§ 8*)—CONTRACT OF EMPLOYMENT—TERM.

Such a contract is not an indefinite employment at a certain rate per month, but is an employment for a full month; other provisions providing for its automatic renewal from month to month.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 8–10, 17; Dec. Dig. § 8.*]

3. MASTER AND SERVANT (§ 80*)—EMPLOYMENT—BREACH OF CONTRACT.

Upon breach by the employer of a written contract by an employé to work for a month at a certain monthly wage, the employé may bring action either on the express contract or for quantum meruit or adopt both methods.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 107–127; Dec. Dig. § 80.*]

4. WORK AND LABOR (§ 14*)—CONTRACT OF EMPLOYMENT—ACTION FOR BREACH —DEFENSES.

An employé cannot recover, in an action on an express contract of employment, by which he agreed to work for a month, either in an action on the contract or on quantum meruit, unless he has himself performed the contract, and hence cannot recover on quantum meruit, where he breached his agreement to serve an entire month by quitting without just cause or his employer's consent.

[Ed. Note.—For other cases, see Work and Labor, Cent. Dig. §§ 29–33; Dec. Dig. § 14.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Louis Bozzone against Jennie K. Stafford. From a judgment of the Municipal Court for plaintiff, defendant appeals. Affirmed as modified.

Argued March term, 1914, before SEABURY, LEHMAN, and BIJUR, JJ.

Campbell & Boland, of New York City, for appellant.

Jacob Panken, of New York City, for respondent.

BIJUR, J. This action was brought by plaintiff for work, labor, and services performed by him for a period of 14 days, ending December 30, 1912, as cook in defendant's hotel. By the written agreement of employment, the hotel "agrees to hire the employé, beginning November 26, 1912, from month to month at the monthly wage of $60." On December 30, 1912, plaintiff left of his own accord in connection with a strike which then took place.

[1] The validity of the agreement is not attacked on the score of lack of mutuality, nor can it well be. It is signed by both parties, and, although the employé does not expressly engage himself to the service, the provision that he may terminate the agreement by a certain notice in writing indicates plainly his intention to so bind himself.

[2] Consequently, by the terms of the contract, plaintiff is hired and agrees to serve a full month, which by other terms of the agreement

is automatically renewed from month to month. It is not an indefinite employment at a certain rate per month. Watson v. Gugino, 204 N. Y. 532, 541, 98 N. E. 18, 39 L. R. A. (N. S.) 1090, Ann. Cas. 1913D, 215; Martin v. N. Y. L. Ins. Co., 148 N. Y. 117, 42 N. E. 416.

[3, 4] Under these circumstances, although his action may be brought either on an express contract or for quantum meruit, or both (Rubin v. Cohen, 129 App. Div. 395, 113 N. Y. Supp. 843; Byrne v. Gillies, 144 App. Div. 677, 129 N. Y. Supp. 602), he cannot recover on either theory, unless he has performed his agreement. Lawson v. Hogan, 93 N. Y. 39, 44; Robinson v. Chinese Association, 47 App. Div. 69, 62 N. Y. Supp. 292; Exeter Works v. Wonham Works, 134 App. Div. 386, 387, 119 N. Y. Supp. 105.

It is not a case where plaintiff, although agreeing to work for a definite period, was entitled by the agreement to receive partial periodical payments of his wages during such period. See Walsh v. N. Y. & Kentucky Co., 88 App. Div. 477, 85 N. Y. Supp. 83; Mernagh v. Nichols, 132 App. Div. 509, 118 N. Y. Supp. 59. Consequently plaintiff, having performed his agreement for the month of November 26th to December 26th, was entitled to be paid the balance of the $60 for that month, and, having broken his agreement to serve for the month of December 26th to January 26th by leaving the employment on December 30th without just cause or the consent of his employer, can recover no part of his compensation for that month either on the theory of contract or quantum meruit.

Judgment modified by deducting therefrom the portion of the wages from December 26th to December 30th, namely, $8, and, as so modified, affirmed, with $15 costs to the respondent. All concur.