CLAFLINS, INCORPORATED, Respondent, *v.* ISIDOR GERBER, Doing Business under the Trade Name of CANVAS GLOVE MANUFACTURING WORKS, Appellant.

First Department, October 30, 1925.

Sales — action by seller to recover for refusal to accept goods — contract provided for delivery on specified credit terms — plaintiff refused to deliver goods beyond amount of credit — plaintiff alleged due performance — defendant refused to accept all installments after first on ground of non-compliance as to quality — verdict directed for plaintiff on ground that defendant waived due performance by rejecting goods — question should have been submitted to jury whether under contract plaintiff had right to limit defendant's credit — allegation of due performance by plaintiff was not shown by proof of waiver not alleged.

In an action by a seller to recover damages for the refusal of a buyer to accept and pay for goods, in which it appears that a written contract of sale provided

for sixty days' credit, that the seller subsequently asked for a financial statement and upon the receipt thereof limited the amount of credit it would give the defendant, and refused to deliver the goods beyond the first installment unless the defendant would make payments sufficient to keep his credit within the amount limited, it was error for the court to direct a verdict in favor of the plaintiff on the ground that, though the plaintiff had not tendered the goods on credit, such tender was waived by the defendant by rejecting the goods for non-compliance with the contract as to quality, for the plaintiff alleged due performance and that allegation was not proven by evidence that the defendant waived due performance through its act of rejecting the goods upon a ground other than the refusal of plaintiff to deliver on credit, since the waiver was not pleaded in the complaint, and furthermore, the question should have been submitted to the jury whether or not, under the facts developed at the trial, the plaintiff had the right to limit the amount of defendant's credit.

APPEAL by the defendant, Isidor Gerber, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 12th day of April, 1923, upon the verdict of a jury rendered by direction of the court.

*Michael Schneiderman,* for the appellant.

*Ira B. Stewart,* for the respondent.

FINCH, J.:

The action was brought to recover damages for the refusal of the defendant to accept and pay for goods tendered by the plaintiff under a contract of sale. The plaintiff claimed the defendant should pay cash as he had exhausted his credit, and the defendant claimed there was no valid credit limitation. Hence the dispute was as to the terms of the contract.

On August 17, 1920, plaintiff's employee, George C. Baker, the manager of its remnant department, called at the defendant's place of business and received a written order for forty-two cases of Canton flannel for delivery, fourteen cases at once, fourteen cases thirty days later, and the balance in sixty days. The terms of credit were 2/10/60, f. o. b., which is conceded to mean a credit of sixty days after the delivery of each installment. The order also contained the sentence, "Acknowledge receipt of order when shipment will be made." Said Baker indorsed on the copy of the order retained by the defendant, "Accepted, O. K. G. C. Baker," and received from the defendant a check for $1,000 on account. Four days later the plaintiff, before making any deliveries, wrote the defendant as follows:

"We have not as yet received statement of your affairs which you promised to send us, and ask that you kindly forward it at once so that we can give immediate attention to your order."

To this letter the defendant replied under date of August twenty-

third, giving a statement of his financial condition. On receipt of this the plaintiff wrote the defendant as follows:

" Referring to your order No. 1676, calling for 42 cases Canton Flannel, 14 cases will be shipped at once, 14 in thirty days and the remainder in sixty days.

" We have marked your account a limit of $3,000.00 on terms of 10-60, and as you have previously paid us $1,000.00 we will make the first shipment at once, which amounts to $4300.00 which will make your indebtedness slightly in excess of the limit agreed upon.

" We ask that you kindly make arrangements to anticipate at [*sic*] request at the time of the other shipments sufficient to keep your indebtedness at $3,000.00.''

The defendant testified that he replied to the above letter on August twenty-fifth, the day following, as follows:

" Replying to your letter of the 24th inst., we will not agree to any changes of terms on our order # 1676. We must insist that you go ahead with this order as accepted by your Mr. Baker at my office on the 17th inst., together with the deposit of $1000 he accepted on this order.''

The plaintiff denied the receipt of this letter.

On August twenty-fifth fourteen cases of the goods were delivered to and accepted by the defendant. On September twenty-fourth the plaintiff wrote the defendant as follows:

" We have ready for delivery the second shipment of the Canton Flannel purchased by you. If you will kindly send us check for $4300 as agreed and thereby enable us to make shipment, and keep indebtedness at about your credit limit of $3000, it will be appreciated.''

The defendant replied that payment would be made in accordance with the contract, namely, 2/10/60, to which the plaintiff responded this was not in accordance with the contract, and it would· take whatever steps might be necessary to protect its interests.

On October fifth the second installment was tendered, and cash on delivery demanded. The defendant refused to accept the goods, and on October eighth plaintiff wrote defendant that the goods would be held for his account. To this letter the defendant replied as follows:

" We are in receipt of your letter of the 8th inst.

" We wish to advise you  *  *  *  that when your Mr. Baker accepted our order # 1676, it was agreed at that time between Mr. Baker and the writer that if, after we received the first shipment of 14 cases, we were not satisfied with the run of the goods, we were to retain and pay for that shipment, but that there would be

no contract for any further quantities and no further liability on our part to accept any balance.

" You will therefore see that the agreement between your Mr. Baker and the writer, made in our office in the presence of a witness before the order was signed, made it a condition precedent to the inception of any contract for this material, that we were first to be satisfied with the run of the material in the 14 cases shipped us.

" We have completed checking the 14 cases received from you, and after careful examination, we are not satisfied with the run of this material at all. As agreed, however, we will retain this shipment and make payment for this lot according to the terms of your invoice, but for the above reason and in accordance with the terms of our agreement with your Mr. Baker, we will not accept any further quantities of this material."

It may be noted here that the defendant in the above letter placed his objection on an untenable ground, namely, on a collateral parol agreement made prior to the entering into of the written contract, and also limited his rejection to that ground.

The plaintiff replied to said letter as follows: " By reason of your refusal to accept the balance of the goods under your order #1676 dated August 17th, 1920, for 42 cases of Canton Flannel, notice is hereby given you that we hereby elect to rescind the said contract and sale, and will sell the portion of the goods covered by said order which you refuse to accept and will look to you for the difference between the contract price and the proceeds of such sale."

At the close of the case the court directed a verdict for the plaintiff, leaving to the jury only the amount of the damages, holding that the contract between the parties consisted of the letters as well as of the order. This ruling presents the main issue raised by the appeal, namely, whether the court should have directed a verdict for the plaintiff or left to the jury the issue as to the provisions of the contract in respect to terms of credit.

As noted, the defendant relies upon the written order, complete in itself and accepted by the manager of the plaintiff's remnant department, which order provided for payment sixty days after the delivery of each installment. The plaintiff, on the other hand, claims that this apparently complete contract was subject to a limitation of credit to $3,000, and that over and above that sum the defendant should pay cash for the goods delivered under the order, amounting approximately to $12,000, of which $1,000 had been paid on account. In brief, the contention of the plaintiff is that the method of doing business in use by the plaintiff was that

before the contract of sale (made by the sales department) became final and complete, it was subject to the approval or limitation as to credit by the credit department, and that the contract was accepted only upon the condition precedent that it should be so approved or limited by the credit department; further, that in any event, the written contract was modified as to terms of credit by the acts of the parties in the writing of the letters with respect thereto and acting thereunder. The plaintiff relies upon the facts above noted, that it wrote the defendant asking for a financial statement "so that we can give immediate attention to your order," and that in reply the defendant furnished a financial statement, as showing that the defendant knew of the customary manner in which the plaintiff conducted its business. From these facts there might be an inference that the contract was accepted conditionally by Baker, as contended by the plaintiff, with the knowledge and consent of the defendant. In this connection, also, it is to be noted that when the defendant finally rejected the goods that were tendered, he placed his written objections solely on the ground that the goods formerly delivered were not satisfactory, and made no objection to the fact that the goods were tendered C. O. D. This might be considered an admission to some extent that the defendant did not consider he was entitled to delivery of the goods on credit, and hence as having some bearing on the issue of what was the real contract between the parties. As further bearing upon this question, that portion of the written contract to which attention already has been called, namely, "Acknowledge receipt of order when shipment will be made," may be of importance.

It cannot be said, however, that the only inference which a jury reasonably might draw from the above facts is that there was a conditional acceptance of the order, and, therefore, an issue was presented which required a submission of the case to the jury. Also there are other issues of fact incidentally involved, such as whether, in the event it was found that the original acceptance was absolute, the plaintiff's agent Baker had authority in fact, or was so held out by the plaintiff as to bind the latter by his acceptance of the order.

As already noted, when the plaintiff tendered the goods and demanded payment on delivery, the defendant in rejecting the goods in writing placed his reason for the rejection solely on the ground of imperfections in the goods already delivered, and an alleged collateral agreement that he might on that ground reject the balance, and it is claimed that the defendant thereby waived any right to object to the demand of cash on delivery which

accompanied the tender.   Since, however, the plaintiff alleged due performance of the contract on its part and did not plead a waiver by the defendant of any of its terms, the plaintiff had to show to the satisfaction of the jury that it had performed, and accordingly that it had made such a tender as was called for by the terms of the contract.   It could not, in lieu of such performance on its part, rely upon proof of acts on the part of the defendant claimed to constitute a waiver thereof, without having alleged such acts in its complaint, and thereby advised the defendant that it intended to rely thereon as an excuse for a full compliance with the terms of the contract on its part.   This is a principle of law that has long been well established.   As was said by Mr. Justice McLaughlin in *McEntyre* v. *Tucker* (36 App. Div. 53, 54): " If the plaintiff intended to rely upon a modification of the contract, then it was incumbent upon him to set out such fact by a proper allegation in his complaint.   The Code of Civil Procedure (§ 481)* requires that a complaint shall contain a statement of the facts constituting plaintiff's cause of action.   The object to be accomplished by this section of the Code is to notify the defendant of the facts upon which the plaintiff relies for a recovery; and the defendant here had the right to suppose from the allegations of the complaint that the plaintiff based his right to recover in this action upon the performance of the contract, not upon a modification of it, and that that was the issue to be tried.   He was not called upon to meet any other issue.   That the plaintiff was not entitled to recover under his complaint upon the theory that the contract had been modified is so well settled that an extended discussion is unnecessary. The case of *Elting* v. *Dayton* [43 N. Y. St. Repr. 363], however, is directly in point.   There the action was brought to recover a balance claimed to be due upon a written contract for altering and repairing certain buildings.   The complaint alleged, as here, full performance on the part of the plaintiff, which the defendant denied.   On the trial it appeared that the plaintiff had failed to perform, and evidence was introduced showing a waiver on the part of the defendant.   The plaintiff recovered, but on appeal the judgment was reversed, the appellate court saying that ' an allegation in a complaint that the terms of a contract have been fully complied with does not authorize proof that it has not been complied with because of certain facts in respect to which no mention is made in the pleading.'   The case of *La Chicotte* v. *Richmond R. & El. Co.* (15 App. Div. 384) is also directly in point.   There this court, in reversing a judgment in favor of the plaintiff, said: ' The com-

*Now Civ. Prac. Act, §§ 241, 255.— [Rep.

plaint alleged performance of the contract, and over the defendant's objection plaintiff was allowed to prove, not performance, but excuses for not performing the work in accordance with the contract. This question has been many times before the court, and the authorities all hold that it is an elementary rule of pleading that when the plaintiff alleges performance of a contract he must prove performance. He cannot excuse non-performance and recover, because a strict compliance with the obligations of the contract has been either waived or prevented by the defendant.' *MacKnight Flintic Stone Co.* v. *Mayor* (21 App. Div. 472) and *Schnaier* v. *Nathan* (31 id. 227) are also to the same effect. The evidence offered by the plaintiff tending to show a waiver or modification of the contract was objected to when offered, upon the ground that it was inadmissible under the complaint. The objections, however, were overruled, and the defendant excepted. No application was made to amend the complaint, and it is, therefore, clear under every well-recognized rule relating to pleadings, as well as under the authorities cited, that the objections should have been sustained and the evidence excluded."

In the case at bar the proof of waiver was received over the objection and exception of the defendant, and one of the grounds upon which the plaintiff's motion for the direction of a verdict was based was " that the defendant rejected this order specifically and particularly upon the ground that they had a right to do so because of the unsatisfactory character of the fourteen cases which they paid for; and that they never at any time offered to receive those goods in conformity with the alleged claim of the defendant that they were to be paid for on terms." In case it should be found that under the contract defendant was entitled to a tender of the goods on credit, plaintiff was obligated to make such a tender. Then plaintiff, having pleaded due performance and not having pleaded a waiver, failed in proving the cause of action alleged in the complaint.

It follows that the judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

CLARKE, P. J., DOWLING, MERRELL and BURR, JJ., concur.

Judgment reversed and new trial ordered, with costs to the appellant to abide the event.